IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROLLY O'DELL KINNELL,

        Petitioner,

    v.                    CASE NO. 12-3182-SAC

STATE OF KANSAS,
et al.,

        Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the Lansing Correctional Facility, Lansing, Kansas. The only proper respondent in a habeas corpus action is the petitioner's current custodian. Accordingly, this action is dismissed as against all named respondents other than Warden David McKune.

In 1998, Mr. Kinnell was convicted of aggravated battery and assault, and he was sentenced to imprisonment. In 2010, he was released on parole. In July 2012, he was arrested and re-incarcerated for violating parole conditions. It is not at all clear from the allegations in the original petition whether Mr. Kinnell seeks to challenge the revocation of his parole or his underlying state criminal convictions. On the one hand, he appears to complain about the revocation of his parole by claiming he was arrested on July 23, 2012, without a warrant; he was "kidnapped" by

"parole cops;" "KDOC-parole" had no jurisdiction; and parole officers used false parole conditions.   On the other hand, Mr. Kinnell complains regarding his 1998 conviction by claiming that the charging information was void, the "State did not have lawful jurisdiction upon conviction," he was subjected to false arrest, and the trial judge was partial and denied all his motions.   Challenges to state parole revocation may properly be brought in a § 2241 petition, while challenges to convictions may not.

Since filing the petition, Mr. Kinnell has submitted at least 7 additional motions or supplements.   Having examined the petition and other filings, the court finds that the petition is subject to being dismissed for failure to state facts showing that Mr. Kinnell is entitled to relief under § 2241 and for failure to show exhaustion regarding his parole revocation.   Any challenges that Mr. Kinnell may have to the revocation of his state parole must have been raised in the first instance in the hearing that resulted in the revocation of his parole and on administrative appeal.   In addition, Mr. Kinnell must have fully and properly exhausted all state court remedies that are available before he may challenge a state parole decision in federal court.   His efforts to raise claims in various courts by apparently improper means are not shown to have amounted to proper exhaustion.   Moreover, he states that he has an action pending in Shawnee County involving his claims.   The court thus finds that Mr. Kinnell has not properly and fully exhausted administrative and state

court remedies on any parole revocation claim.  Petitioner is given time to allege additional facts showing that revocation of his state parole violates his federal constitutional rights and to show exhaustion.  If he fails to adequately make these showings within the allotted time, this action will be dismissed without further notice.

The court dismisses the many claims and allegations made by Mr. Kinnell that do not concern the revocation of his state parole because they are not properly raised in this § 2241 petition and for other reasons that have been repeatedly explained to Mr. Kinnell in prior cases.  Mr. Kinnell has repeatedly been informed that the only way he may challenge his 1998 state convictions in federal court is by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.  He has also repeatedly been advised that any such petition filed by him would be "second and successive" since he has already had a first § 2254 petition considered and denied.  As a result, he must obtain authorization from the Tenth Circuit Court of Appeals before he may file another § 2254 petition in this court.  Accordingly, to the extent that Mr. Kinnell may be attempting to challenge his 1998 convictions in this action, those claims are dismissed for lack of jurisdiction.

Petitioner's vague references to the three strikes provision are not grounds for any relief in this habeas corpus action, as 28 U.S.C. § 1915(g) applies to civil actions only.  Mr. Kinnell has

repeatedly attempted to challenge this provision and to sue many judicial officials and courts in civil rights actions.  He has been informed on numerous occasions that such challenges and all civil rights complaints by him are subject to an upfront filing fee of $350.00 because he is a three-strikes litigant.  To the extent that Mr. Kinnell is attempting to raise any civil rights claims herein, they are dismissed because he has not paid the full fee or shown that he is in imminent danger of serious physical injury and such claims are not properly brought in a § 2241 petition.

Petitioner is given 15 days in which to show good cause why the instant habeas corpus petition brought under § 2241 should not be dismissed for the foregoing reasons.  If he fails to show good cause within the time allotted, this action will be dismissed without further notice.  Petitioner may file one response only to this order and it must not exceed 5 pages.  Any extra papers or filings submitted by him will be stricken.  The first page of petitioner's response must have "Response" written at the top and must contain the correct caption and case number.

This action might also be dismissed because it does not comply with filing restrictions previously imposed upon Mr. Kinnell by this court that are still in effect.  Any action submitted by Mr. Kinnell in the future may be returned by the clerk without being filed or stricken or summarily dismissed by the court upon filing if it fails to comply with the long-standing filing restrictions and the

following directives.  Mr. Kinnell is directed to conform his filings to the following:

1.  Any allegation that is a challenge to his state convictions may only be raised in a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 that is submitted upon § 2254 forms obtained from the clerk of the court, which may not be filed in this court without Mr. Kinnell having first obtained preauthorization from the Tenth Circuit Court of Appeals.

2.  Any claim of a federal civil rights violation must be submitted on § 1983 forms obtained from the clerk, and any such complaint submitted by Mr. Kinnell is subject to his upfront payment of the $350.00 filing fee unless he shows imminent danger of serious physical harm.

3.  Only certain types of claims involving the execution of an inmate's sentence may be raised in a petition under 28 U.S.C. § 2241, and challenges to a state conviction and civil rights claims are not among them.

4.  Mr. Kinnell has repeatedly named various courts and judges as defendants in an obvious effort to judge-shop, which is improper; and his claims against judges are based upon judicial rulings, for which judges enjoy absolute judicial immunity.  If any judge is named as either a defendant or respondent in any type of action filed by Mr. Kinnell without adequate factual grounds being alleged in the body of the

pleading, the judge will immediately be dismissed from the lawsuit.  Mr. Kinnell has been repeatedly advised of the pleading requirements that he name proper defendants in the caption and that he describe the acts of each defendant in the pleading.

The court has considered petitioner's Motion to Proceed in forma pauperis (Doc. 2) and finds that it should be granted to satisfy the $5.00 fee for this § 2241 petition based upon his lack of funds.  The court has also considered petitioner's supplemental materials (Docs. 3, 4, 5, 6, 7, 8, 9) and finds that they add nothing and are mostly irrelevant to this § 2241 petition.  These pleadings are repetitive, abusive filings that are customarily filed by Mr. Kinnell.  Their content either makes no sense or is a rehash of claims that have repeatedly been dismissed, which led to his well-deserved status as a three-strikes litigant.  Only a few items in these supplementary materials warrant separate discussion.

As part of Document 3, petitioner "files for stay-immediate release."  He has attached a duplicate of this motion to the back of Document 4.  This is not a proper "Motion for Stay," and valid grounds for issuance of a stay are not presented.  Nor has petitioner presented any facts regarding revocation of his parole to support a claim that he is entitled to immediate release.  Accordingly, petitioner's motion for stay-immediate release is denied.

Petitioner has attached to Document 3 exhibits regarding the

Preliminary Hearing on his parole revocation held in July 2012. These exhibits indicate that he was charged with and found guilty of violating two release conditions: (1) "personal conduct" by engaging in threatening and assaultive behavior towards parole officers and (2) "treatment programs and placement" by refusing to access mental treatment through the VA.  They also show that he was provided notice and a summary of the hearing.  Thus, petitioner's own exhibits contradict rather than support any claim that his parole revocation was unconstitutional.  Petitioner's remarks regarding Judge Hendricks and state civil case No. 12CV79 are not only irrelevant to this action but also spurious and often nonsensical.

Petitioner attaches to Document 4 a "Motion" on which he, and not the clerk of the court, has written a case number (12-CV-3183) consecutive to his.  This case number has already been assigned to another case by the clerk.  In this motion, Mr. Kinnell purports to speak on behalf of Mario Martin and seeks to submit evidence of "KDOC abuse" of Mr. Martin.  Mr. Kinnell may not submit motions in this case on behalf of another inmate.  If Mr. Martin wishes to file an action in this court and submit motions therein, he must file his own complaint or petition on forms that he may obtain upon request to the clerk of the court.  No action will be taken on this improperly imbedded, unrelated motion.

Document 5 is another improperly-styled motion or filing.  The first page is a copied notice of filing that was received by Mr.

Kinnell, at the bottom of which he writes "Affidavit of Prejudice Against Sam A. Crow." The other statements made on this page are gibberish. The attached pages present no proper or credible grounds for recusal. Petitioner mainly complains of the court's application of the three-strikes provision to him. Rulings of the court are not grounds for recusal. The court finds that good cause for recusal is not presented.

Document 6 is petitioner's "Motion to Amend and Supplement this Petition." In this motion, petitioner discusses a debt collection action and social security overpayment that have no relevance to this habeas petition. He also complains regarding his state convictions. The court repeats that monetary claims and challenges to petitioner's convictions are not properly raised in a § 2241 petition. Accordingly, this motion is denied.

Documents 9 and 10 appear to contain multiple pleadings. Mr. Kinnell is again instructed that all motions must contain the caption of the case at the top of the first page and a descriptive title. The top pages transmitted by him with some documents may be intended to introduce some of his filings, but are not properly-styled motions. As a result, some of his motions were not filed separately. In any event, the motions imbedded within Documents 9 and 10 are frivolous for reasons already provided to Mr. Kinnell.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed as against all named respondents except Warden McKune.

**IT IS FURTHER ORDERED** that the following motions filed by petitioner are denied: Motion for stay-immediate release (Docs. 3, 4); Motion to Recuse (Doc. 5); Motion to Amend (Doc. 6); motions improperly imbedded in Docs. 9 and 10; and Motion for Relief (Doc. 11).

**IT IS FURTHER ORDERED** that petitioner is granted fifteen (15) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 18th day of October, 2012, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**