IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROLLY O'DELL KINNELL,

　　　　　　　　Petitioner,

　　　　v.　　　　　　　　　　　　CASE NO.  12-3182-SAC

DAVID McKUNE,

　　　　　　　　Respondent.

O R D E R

On October 18, 2012, the court entered an Order screening this action, which was filed by Mr. Kinnell as a petition pursuant to 28 U.S.C. § 2241.   The court pointed out deficiencies in the petition and ordered Mr. Kinnell to show good cause why this action should not be dismissed for the reasons stated in that order.   In brief, the court found that Mr. Kinnell failed to state facts showing he is entitled to relief under § 2241 and failed to show that he has exhausted all administrative and state court remedies regarding any challenges he may have to his parole revocation.   Petitioner was warned that if he failed to show good cause within the time allotted, this action would be dismissed without further notice.

Mr. Kinnell has been an abusive litigant for decades.   He is abusive in two main ways.   First, once he files an initial petition or complaint, he submits a stream of unnecessary, repetitive, abusive motions or other materials.   In this case,

1

he submitted at least 7 additional pleadings after his original petition, which caused initial screening to be far more difficult than necessary.  Various filing restrictions have been imposed upon Mr. Kinnell over the years, which he generally ignores.  In this case, the court directed Mr. Kinnell to "file one response only" to the court's screening order and ordered that "it must not exceed 5 pages."  Petitioner was warned that [a]ny extra papers or filings submitted by him will be stricken."  In blatant disregard of the court's orders, Mr. Kinnell has submitted 10 sets of materials since the court's screening order containing a total of 167 pages.  Only two of these filings may have been submitted prior to his receipt of the court's explicit order, and those two are duplicates of one another.  None contains a clear title, even though Mr. Kinnell was directed to file one document entitled "Response."  The court has generally had to advise the clerk's office as to how to docket each submission, and often for sake of simplicity has directed the clerk to docket it as a "supplement."  Petitioner has attached many duplicate documents to his filings for no reason, including copies of this court's screening order.  The court finds that documents 16 through 22 must be stricken from the record.

The second way in which Mr. Kinnell has been and continues to be abusive is that he raises the same claims over and over in

whatever type of action he files.  Here, he initially appeared at least in part to be challenging the recent revocation of his parole, which he has not challenged previously in this court. But then he submitted a stream of materials attempting to also challenge his 1998 conviction and 28 U.S.C. § 1915(g) under which he has long been designated a three-strikes litigant, despite the fact that this court again dismissed these claims in its screening order in this case.  Mr. Kinnell has been provided with the legal bases for the dismissal of these two claims many more times than should have been necessary.  All Mr. Kinnell's allegations regarding these two repeatedly-rejected matters are frivolous and abusive.  Mr. Kinnell is notified that any submission in the future in any case filed by him that includes any reference to these two repeatedly-rejected claims shall be stricken from the record, and nothing in that abusive filing will be considered further.

In this case, the court has considered Document 15 as petitioner's only proper Response.  The court reviewed that Response and finds that Mr. Kinnell has not alleged additional facts to show that his federal constitutional rights have been violated so that he is entitled to relief under § 2241 and has not shown that he has fully and properly exhausted all state remedies on any claims regarding the revocation of his parole. All materials submitted by Mr. Kinnell subsequent to this

Response (Doc. 15) are stricken from the record as not in compliance with the court's order dated October 18, 2012, and abusive.

Mr. Kinnell was also informed in the court's screening order that "any action submitted by (him) in the future may be returned by the clerk without being filed" or may be "stricken or summarily dismissed by the court upon filing" if it fails to comply with the long-standing filing restrictions as well as the new directives set forth in the court's prior order herein. He has not submitted any reasonable objection to these restrictions. Accordingly, he is warned that documents submitted by him in the future may be reviewed prior to filing and returned if they do not comply with all filing restrictions that have been imposed upon him.

The court further finds that should Mr. Kinnell decide to appeal this order of dismissal, the court certifies that such an appeal would not be taken in good faith.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied for failure to allege facts to state a claim under 28 U.S.C. § 2241 and failure to show full and proper exhaustion of state remedies.

**IT IS FURTHER ORDERED** that Docs. 16, 17, 18, 19, 20, 21 and 22 are hereby stricken from the record.

**IT IS FURTHER ORDERED** that to the extent Document 16 might

be read to include petitioner's "Motion for Clear Default" against the undersigned judge, it states no valid grounds or legal authority and is denied (Doc. 16).

**IT IS FURTHER ORDERED** that the court certifies that any appeal of this matter is not taken in good faith.

**IT IS SO ORDERED**.

Dated this 6th day of December, 2012, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**